Stephen M. Russo, P.C. (SMR-6449)
27 North Broad Street
Ridgewood, New Jersey
(201) 445-7611
(201) 251-7696
Email: Steve@jrusso.com
Attorney for the Plaintiff, John Gerard

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN GERARD<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD G. GLEASON, PRIME PLATE INDUSTRIES, INC. and CORBAN CORPORATION<br><br>Defendants | CASE NO. 06-5869 (JLL) |

### AFFIDAVIT OF JOHN GERARD IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT

I, JOHN GERARD, being duly sworn, deposes and says:

1. I am the Plaintiff in the above action and I make this declaration in support of a motion for summary judgment. This case involves a $109,000.00 loan that I made to the defendants, Edward Gleason, Prime Plate Industries, Inc. and Corban Corporation on February 6,

2004.

2. By way of background, I am in the commercial leasing business. I am a fifty percent owner of Madison Leasing Company, Inc. and the majority owner of Central Leasing Co. Of NJ, LLC. In or about May 2000, I was introduced by a broker to the defendant, Edward G. Gleason. Mr. Gleason represented that he was the sole owner of the defendant, Prime Plate Industries, Inc., a newly formed steel plating company located in Philadelphia, Pennsylvania. Mr. Gleason was seeking to lease equipment from Madison Leasing Co. for Prime Plate Industries, Inc.

3. On or about May 16, 2000, Madison Leasing Company, Inc leased approximately $5,000,000.00 worth of equipment to the defendant, Prime Plate Industries, Inc. The defendants, Edward Gleason and Corban Corporation signed as a personal guarantors on the lease between Madison Leasing and Prime Plate Industries.

4. On or about November 1, 2001, the defendant, Prime Plate Industries leased additional equipment from Central Leasing Co. The defendant, Edward Gleason signed as a personal guarantor on the lease between Central Leasing and Prime Plate Industries. The defendant, Corban Corporation d/b/a Encor also signed as a corporate guarantor on the aforementioned lease.

5. The defendant, Edward G. Gleason struggled to make Prime Plate Industries profitable to no avail. Prime Plate Industries failed to make its lease payments to Madison Leasing and Central Leasing in a timely manner and both leases lapsed into default. Madison Leasing obtained a judgment against Mr. Gleason, Prime Plate Industries and Corban Corporation in the

amount of $5,176,711.05. Central Leasing Co also obtained a judgment against Mr. Gleason, Prime Plate Industries and Corban Corporation in the amount of $267,427.05.

6. Because Madison Leasing and Central Leasing had so much money riding on Prime Plate Industries' success, I felt compelled to lend Mr. Gleason money to assist him in keeping Prime Plate afloat. In July 2002, Mr. Gleason approached me and asked me for a personal loan to help him cover expenses relating to his businesses. While neither Madison Leasing nor Central Leasing were in the business of making loans, I decided to make Mr. Gleason a personal loan to assist him with his financial troubles.

7. On July 2, 2002, I made a personal loan to the defendant, Edward G. Gleason in the amount of $100,000.00. The defendant, Edward G. Gleason signed the July 2, 2002 note both personally and on behalf of Prime Plate Industries. The July 2, 2002 loan was for a term of 90 days. The defendants, Edward G. Gleason and Prime Plate Industries defaulted on the July 2, 2002 loan and I obtained a judgment against both Edward Gleason and Prime Plate Industries, Inc. in the amount of $100,833.33.

8. The parties' prior transactions as described above all show a course of dealings between the parties and establish a pattern whereby the defendant, Edward Gleason, would regularly sign as a personal guarantor on both his obligations to me personally, as well as the obligations of his company, Prime Plate Industries, Inc.

9. In February 2004, the defendant, Edward G. Gleason telephoned me and asked me for another personal loan in the amount of $109,000.00. Mr. Gleason explained that he had a "hot

list" of vendors that needed to get paid in order to keep Prime Plate operational. Mr. Gleason assured me that Prime Plate was on the verge of turning a profit and he just needed more time and additional capital to pay Prime Plates's operating expenses.

10. Because I (both individually and through my companies) were so heavily invested in Prime Plate's business success, the I reluctantly agreed to loan Mr. Gleason an additional $109,000.00 in February 2004 so that Prime Plate Industries could pay its third-party obligations.

11. On February 5, 2004, the defendant's assistant, Bill Condosta faxed me a hot list of Prime Plate Industries' accounts payable. On February 6, 2006, the defendant, Edward G. Gleason met me at my office located at 32 Central Avenue, Midland Park, New Jersey. Mr. Gleason signed a promissory note which listed Edward Gleason as a "Promissor" and Prime Plate Industries, Inc. And Corban Corporation as "Principals". I prepared the note which is the subject of this litigation and suffice it to say, I am not an attorney and I have no legal training.

12. The note that I prepared calls for monthly interest payments of $908.33, with interest at the rate of ten percent. The note further states that if payment is not made, in full, by April 30, 2004, then I am entitled to a five percent (5%) late fee on any unpaid balance. I am also entitled to interest which will accrue at a rate of fifteen percent (15%) after April 30, 2004 until the note is paid in full. The note also entitles me to Attorney's fees and costs incurred by me in collecting on the note.

13. Page two of the February 6, 2004 note was signed by Mr. Gleason as the CEO of

Prime Plate Industries and Corban Corporation. Page three of the note is the hot list of Prime Plates's accounts payable, which is dated February 6, 2004 and further obligates Mr. Gleason to send me copies of paid invoices from the hot list and requires Mr. Gleason to issue a stock certificate for 5% of the shares of Prime Plate Industries to the John J. Gerard Foundation. Edward Gleason signed the third page of the note in his individual capacity, and his signature was witnessed by Deborah A. LaCorte, my personal assistant.

14. The loan checks in the amount of $109,000.00 were made payable to Edward G. Gleason and deposited into Mr. Gleason's personal bank account at Chase Bank. Mr. Gleason made a payment of $907.00 to me on March 2, 2004 from his personal bank account, which corresponds with the first interest payment due under the February 6, 2004 note. Mr. Gleason also made a series of cash payments to me on the February 6, 2004 note.

15. I am also suing Mr. Gleason under an unjust enrichment theory based upon the fact that Mr. Gleason received the $109,000.00 loan proceeds and never provided proof that the accounts payable set forth on page three of the note were ever paid off. Mr. Gleason also failed to provide any proof of how the loan proceeds were used.

16. As for Prime Plate Industries and Corban Corporation, Mr. Gleason signed the February 6, 2004 note as an authorized representative of Prime Plate Industries and Corban Corporation. The defendant has not disputed Prime Plate Industries' and Corban Corporations' obligation under the note, and only challenges the my calculation of damages.

17. Mr. Gleason made the following payments to me, which total $17,147.33.

| Date | | Amount and Source |
|---|---|---|
| March 2, 2004 | - | $907.00 - Check 222 from Edward Gleason |
| April 6, 2004 | - | $1,740.33 - Check 329 from Prime Plate |
| December 17, 2004 | - | $4,000.00 - Check 165 from Prime Plate |
| August 3, 2005 | - | $2,500.00 - Cash from Edward Gleason |
| August 9, 2005 | - | $1,000.00 - Cash from Edward Gleason |
| August 17, 2005 | - | $500.00 - Cash from Edward Gleason |
| August 22, 2005 | - | $500.00 - Cash from Edward Gleason |
| January 10, 2006 | - | $1,000.00 - Cash from Edward Gleason |
| February 10, 2006 | - | $4,000.00 - Cash from Edward Gleason |
| March 13, 2006 | - | $1,000.00 - Cash from Edward Gleason |

TOTAL PAYMENTS:     $17,147.33

18. Of the $17,147.33 paid by Mr. Gleason between March 4, 2004 and March 13, 2006, $9,637.83 of those payments were applied to the February 6, 2004 Note as follows:

Payments:

| Date | | Amount |
|---|---|---|
| March 2, 2004 | - | $907.00 |
| April 6, 2004 | - | $908.33 |
| December 17, 2004 | - | $2,086.00 **** |
| August 3, 2005 | - | $1,303.75 **** |
| August 9, 2005 | - | $521.50**** |
| August 17, 2005 | - | $260.75**** |
| August 22, 2005 | - | $521.50**** |
| January 10, 2006 | - | $521.50**** |
| February 10, 2006 | - | $2,086.00**** |
| March 13, 2006 | - | $521.50**** |

TOTAL PAYMENTS APPLIED TOWARDS THE FEBRUARY 6, 2004 LOAN = $9,637.83

**** = Payments were applied to both the July 2, 2002 loan of $100,000.00 and the February 6, 2004 loan in proportion to the outstanding loan amounts. The February 6, 2004 loan represented 52.15% of the total loans of made by John Gerard to Edward Gleason. [$109,000/($109,000 + $100,000) = 52.15%

19. At this time, the defendants, Edward Gleason, Prime Plate Industries and Corban Corporation owe me a total of $187,877.23. I have attached as Exhibit "A" a schedule of how I

calculated my damages and I respectfully refer the Court to said calculation.

20. I have read the documents submitted with this Motion and they are true.

I hereby certify that the foregoing statements made by me are true. I understand that if any of the said statements are willfully false, I am subject to punishment.

Dated: January 16, 2009

　　　　　　　　　　　　　　　　　　　　　　　　　　　John Gerard, Plaintiff

State of New Jersey
County of Bergen

Sworn and subscribed to before me
this 17th day of January, 2009

Notary Public  DEBORAH A. LA CORTE
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 10/11/2010

## PLAINTIFF'S CALCULATION OF DAMAGES

The plaintiff is entitled to the principal loan amount of **$109,000.00**

Plus ten percent interest from February 6, 2004 until April 30, 2004 = **$663.05**

$109,000.00 * 10% = $10,900.00/365 = $29.86/day * 83 days = $2,478.38 - $1,815.33 paid = $663.05.

Plus additional interest at a rate of fifteen percent (15%) per year for the period between April 30, 2004 to April 30, 2008 = $65,400.00 - $7,822.50 (paid after April 30, 2004) = **$57,577.50**

$109,000.00 * 15% = $16,350.00 per year * 4 years (April 30, 2004 - April 30, 2008) = $65,400.00

Plus $44.79 per diem for each day after April 30, 2008 ($16,350.00 / 365 = $44.79 per diem)

Per diem interest from April 30, 2008 to January 16, 2009 = 261 days * $44.79 per day = **$11,690.19**

Plus 5% late fee on any unpaid balance = **$8,946.53**

Unpaid balance = $109,000.00 + $663.05 + $57,577.50 + $11,690.19 = $178,930.73 * 5% = $8,946.53

Total Damages as of January 16, 2009: **$187,877.23** plus per diem interest of $44.79 plus counsel fees and litigation costs.